UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGELA HURTADO,                     §
                    Plaintiff,      §
                                    §
v.                                  §        Civil Action H-07-3486
                                    §
MICHAEL J. ASTRUE,                  §
COMMISSIONER OF SOCIAL SECURITY,    §
                    Defendant.      §

## Opinion on Summary Judgment

This appeal from the denial of disability insurance benefits under the Social Security Act is before the court on cross motions for summary judgment.[1]  For the reasons expressed below, the Commissioner's motion (Dkt. 14) is granted, and Hurtado's motion (Dkt. 13) is denied.

## Background

Eugenia Hurtado, on behalf of Angela Hurtado, applied for supplemental security income under Title XVI of the Social Security Act  after Angela suffered an intra-cranial hemorrhage on August 30, 2004.[2] Following the hemorrhage, Hurtado underwent emergency removal of an intracerebral hematoma and resection of the arteriovenous malformation in the

---

[1]  Both parties have filed 28 U.S.C. § 636(c) consents to proceed before the magistrate judge. Dkt. Nos. 9, 11.

[2]  TR 74-76. Page references to the Social Security Administration's records transcript will be cited as follows: TR 1, TR 2, TR 3, et cetera.

1

right region of her brain.  Thereafter, Hurtado received extensive physical therapy and had numerous medical evaluations over the course of several years.[3]  Following her initial surgery, Hurtado was examined by Dr. Jerome Caroselli on October 4, 2004.  Dr. Caroselli concluded that Hurtado was "not considered to be able to hold gainful employment due to the combination of her visual memory and psychomotor deficits."[4]  On December 6, 2004, Dr. Lindsay Rosin examined Hurtado and concluded that she had "not yet reached a plateau in her level of cognitive recovery" and suggested that Hurtado continue rehabilitation, which she did for the next two years.[5]

In addition to rehabilitation, Hurtado was prescribed various medications to manage her condition.  On January 31, 2006, Hurtado suffered a seizure.  Since then, she has not suffered any additional seizures, and medical records indicate that her condition has significantly improved.[6]

At the time her application was filed, Hurtado was a 17 year old female with a 9th grade education.[7]  Prior to August 30, 2004, she had worked at Sonic Drive-In Restaurant and also served as a live-in caregiver to two small children.[8]

---

[3]  TR 105.

[4]  TR 174.

[5]  TR 181.

[6]  TR 224-230.

[7]  TR 169.

[8]  TR 81, 325.

On October 28, 2005, the Administrative Law Judge (ALJ) issued a notice of dismissal in Hurtado's case, stating that her request for a hearing was untimely filed.[9] Hurtado subsequently filed an appeal, and the Appeals Council determined that good cause was shown for the late filing.[10]  The Appeals Council remanded the case with instructions to "further develop the record and provide sufficient rationale for all pertinent conclusions."[11] The ALJ conducted a hearing, and on May 25, 2007, issued his decision denying her claim. At step two, the ALJ determined that Hurtado had the following severe medically determinable impairments: seizures; cerebrovascular accident, cognitive disorder, and migraines.[12]  Nevertheless, based on her age, education, work experience, and residual functional capacity, the ALJ concluded that there were jobs that existed in the national economy that Hurtado could perform.[13]  Thereafter, Hurtado appealed the decision, and on August 17, 2007, the Appeals Council denied her request for review.[14]

## Standard of Review

This court must affirm the Commissioner's decision if it is supported by substantial evidence, unless improper legal standards were applied.  42 U.S.C. § 402(g) (2008).  On

---

[9]  TR 28.

[10]  TR 47.

[11]  TR 11.

[12]  *Id.*

[13]  TR 17.

[14]  TR 4.

questions of fact, this court may not re-weigh the evidence, substitute its judgment for that of the defendant, or reverse his decision if a reasonable mind might find that the relevant evidence he relied upon supports his decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). On questions of law, this court may reverse to correct prejudicial legal error. *Id*.

## Disability Evaluation

The Social Security Act defines disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (2003).

In ascertaining whether a person qualifies as disabled, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. 20 C.F.R. § 416.920(a). If at any step the claimant is found disabled or not disabled, the inquiry is terminated. *Lovelace v. Bowen,* 813 F.2d 55, 58 (5th Cir. 1987). At the first four steps, the burden is on the claimant to show she is disabled; at step five the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

4

### Analysis

Hurtado's lone argument for reversal is that the ALJ committed legal error by failing to explain his Step 3 finding that her impairments did not meet or equal a listed impairment under Appendix 1, specifically § 12.02 for Organic Mental Disorders.  She relies entirely upon the Fifth Circuit's recent decision in *Audler v. Astrue,* 501 F.3d 446 (5th Cir. 2007).

*Audler* vacated and remanded an ALJ decision which did not identify the listed impairment for which the claimant's symptoms failed to qualify, nor provide any explanation for reaching the conclusion that the claimant's condition was insufficient to meet that listing's criteria.  The ALJ had summarily disposed of the Step 3 issue with a single uninformative sentence:

> The medical evidence indicates that the claimant has status post lumbar laminectomy, cervical disc herniation, headaches and chronic neck and back pain, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Suppart P, Regulations No. 4.

*Id.* at 448.  According to the court, "[s]uch a bare conclusion is beyond meaningful judicial review," and violates the explicit provision of the Social Security Act requiring the ALJ to discuss the evidence in support of a disability claim and explain the reasons for denial.  *Id., quoting Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996); 42 U.S.C. § 405(b)(1).

As in *Audler,* the ALJ here lingered only briefly at Step 3, dispensing with the issue by a single sentence:

> On the basis of the objective evidence, the undersigned Administrative Law Judge finds that none of the claimant's impairments, either singly or in combination, are

5

attended by clinical signs or laboratory findings which meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.

TR. 14.

This conclusory finding is materially indistinguishable from that condemned in *Audler*. No reference is made to the relevant listing under consideration. The ALJ does mention the absence of "clinical signs or laboratory findings", but this is little more than boilerplate given the failure to cite record evidence or specify the listing criteria to which those signs or findings might relate. While "an exhaustive point-by-point discussion" is not always required, it is error for the ALJ to offer nothing in support of an adverse determination at Step 3. *Audler*, 501 F.3d at 448. Hurtado's claim of legal error is therefore sustained.

In order to obtain relief, however, Hurtado must demonstrate that this error was not harmless. "Procedural perfection in administrative proceedings is not required." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). The test is whether the substantial rights of a party have been affected. *Id.* Hurtado contends that the error was harmful "because she at least arguably meets Listing 12.02" criteria for organic mental disorder. Like the ALJ, however, Hurtado does not list the criteria for this disorder,[15] nor does she cite to specific

---

[15]  Section 12.02 provides as follows:

1.  The required level of severity for these [Organic Mental] disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A.  Demonstration of a loss of specific cognitive abilities or affective changes and the medically documented persistence of at least one of the following:

record evidence purporting to satisfy those criteria.  Instead, she merely waves in the general

direction of the "medical record, and Ms. Hurtado's consistent testimony," and asks for a

_____

1. Disorientation to time and place; or

2. Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or

3. Perceptual or thinking disturbances (e.g., hallucinations, delusions); or

4. Change in personality; or

5. Disturbance in mood; or

6. Emotional lability (e.g., explosive temper outbursts, sudden crying, etc.) and impairment in impulse control; or

7. Loss of measured intellectual ability of at least 15 I.Q. points from premorbid levels or overall impairment index clearly within the severely impaired range on neuropsychological testing, e.g., the Luria-Nebraska, Halstead-Reitan, etc.;

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence or pace; or

4. Repeated episodes of decompensation, each of extended duration;

or

C. Medically documented history of a chronic organic mental disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.02(A)(B)(C)(1995) (Organic Mental Disorders).

remand.[16]

This will not do.  While it is the court's duty to "scrutinize the record in its entirety to determine whether substantial evidence" supports the ALJ's decision, it is the claimant's job to brief the issues.  *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (holding that arguments inadequately briefed are waived).  The court has examined this administrative record and is satisfied that there is no basis to resuscitate the case.

As the Commissioner's brief points out, there is objective medical evidence supporting the ALJ's Step 3 conclusion.  Agency medical doctors found that the medical evidence did not satisfy the Part A criteria under Listing 12.02 because Hurtado merely had a cognitive disorder, not otherwise specified.[17]  They further found that the part B criteria was unmet, because she had no more than moderate limitations in areas of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation.[18]  Nor did Hurtado satisfy the part C criterion, pertaining to a chronic disorder of at least two years duration causing more than a minimal limitation of ability to do any basic work activity.[19]

These findings are consistent with examining opinion evidence.  Lindsay Rosin, Ph.D., examined Hurtado in December 2004 and diagnosed her with cognitive disorder, not

---

[16]  Dkt. 13, at p. 7.

[17] TR. 187.

[18] TR. 196.

[19] TR. 197.

8

otherwise specified, based on mild to moderate impairments in nonverbal intellectual, executive, and memory functioning.[20]  In November 2006 a consultative examination was performed by Mark Lehman, Ph.D., who assessed claimant with only slight to moderate limitations in work-related mental activities.[21]  This examining opinion evidence provides additional  substantial support for the ALJ's Step 3 conclusion.

Unlike *Audler,* Hurtado has provided no uncontradicted medical evidence undermining the ALJ's conclusion that she did not meet or equal a listing impairment.  Thus, the ALJ's failure to present a reasoned explanation for its Step 3 finding did not affect Hurtado's substantial rights, and must be classified as harmless error.  Hurtado is entitled to no relief on this basis.

<u>**Conclusion**</u>

The Commissioner's motion is granted, Hurtado's motion is denied, and the decision of the Commissioner denying Hurtado's claim for supplemental security income under Title XVI of the Social Security Act is affirmed.

Signed August 15, 2008, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

---

[20] TR. 181.

[21] TR. 233-35.